UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER M. THOMAS,

    Plaintiff,                                       CIVIL ACTION NO. 06-12905

  v.                                           DISTRICT JUDGE PAUL D. BORMAN
                                               MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION:** Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work.

\* \* \*

Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits on October 8, 2003, alleging that he had become disabled and unable to work on October 4, 2001, at age 29, due to joint pain and schizophrenia. Benefits were denied by the Social Security Administration. A requested *de novo* hearing was held on August 9, 2005, before Administrative Law Judge (ALJ) Alfred Varga. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of sedentary work providing a sit-stand option. The ALJ restricted claimant from stressful work and jobs requiring driving or climbing. He determined that Plaintiff was limited to jobs which would not expose a worker to either unprotected heights or hazardous machinery. In view of Mr. Thomas' mood disorder, the Law Judge further determined that Plaintiff should have limited contact with the public, co-workers and supervisors. The

Appeals Council declined to review the ALJ's decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 32 years old at the time of the administrative hearing. He had been graduated from high school, and had been employed during the relevant past as a cook, railroad laborer and truck driver (TR 62-66, 217-218). As a truck driver delivering wine and liquor, he did a lot of walking and standing. He had to constantly bend down and reach over his head. He was required to lift upwards of 50 pounds on a regular basis (TR 72, 219). Claimant stopped working October 2001, after injuring his back and left foot in a work-related accident (TR 222).

Plaintiff came to the hearing expecting to be represented by a retained attorney. Shortly before the hearing was to begin, claimant learned that his representative was unable to attend the hearing due to a scheduling conflict (TR 216). After speaking to his lawyer by telephone, Plaintiff told the ALJ that the attorney had advised him to proceed with the hearing without representation (TR 216). The ALJ asked the claimant whether he still wished to proceed with the hearing. Plaintiff responded affirmatively, and he signed a form waiving his right to representation (TR 216-217).

Claimant testified that he remained disabled due to severe back and foot pain (TR 222). As a result of severe pain, claimant stated that he was unable to sit, stand or walk for prolonged periods (TR 227-228). He estimated that he could sit and stand for perhaps two hours before needing to change positions (TR 228). Plaintiff believed he could walk about a block, and could lift about 20 pounds (TR 228). Claimant added that a psychotic disorder prevented him from returning to work (TR 223, 229). While Plaintiff

admittedly did not treat with a mental health professional on a regular basis, he claimed that medications and periodic psychotherapy helped him feel better (TR 229).

A Vocational Expert, Lawrence Zatkin, classified Plaintiff's past work as light to medium, semi-skilled activity (TR 231-232). The witness testified that there were no jobs for claimant to perform if his testimony was fully accepted[1] (TR 232). If he were capable of sedentary work, however, there were numerous unskilled bench assembly, sorting, inspection and packaging jobs that he could still perform with minimal vocational adjustment (TR 233-234). These simple, routine jobs did not involve working with hazardous machinery or at unprotected heights, and did not require much interpersonal contact with co-workers, supervisors or the public (TR 234).

## LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of a status post crush injury to the left foot with resulting back, hip and knee pain. The ALJ further determined that Plaintiff had a mood disorder and a past history of marijuana abuse, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's joint pain necessitated a sit-stand option, and prevented him from climbing and driving. Plaintiff was restricted from working at unprotected heights or around dangerous machinery. The Law Judge further determined that Plaintiff should work in low stress work environments and have limited personal contacts. Nevertheless, the ALJ found that the claimant retained the residual functional capacity to perform a significant number of sedentary jobs, as identified by the Vocational Expert.

---

[1] The witness opined that claimant's alleged need to rest several times a day due to chronic pain and fatigue would preclude all work activity (TR 233).

**3**

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff does not challenge the Law Judge's determination that his physical impairments would not interfere with his ability to perform a restricted range of sedentary work. Instead, the claimant maintains that emotional difficulties, particularly his inability to handle workplace stress, have prevented him from returning to work. Plaintiff also contends that his waiver of counsel was invalid given the severity of his mental impairment.

**4**

WAIVER OF RIGHT TO COUNSEL

Contrary to Plaintiff's assertion, a review of the record indicates that the he validly waived his right to counsel.  Plaintiff acknowledged, prior to the start of the administrative hearing, that he voluntarily signed the form waiving his right to counsel upon the advice of his attorney (TR 216-217). Although presenting his case before the ALJ without counsel, Plaintiff was able to answer all questions with no discernable problems.  There is nothing in the record that would indicate that anyone took advantage of the claimant when he waived counsel with knowledge of the potential consequences. Plaintiff was sufficiently articulate in his direct testimony, and he was able to direct the Law Judge's attention to supportive medical evidence (TR 223, 229). Following the hearing, Plaintiff's attorney continued to represent him, as evidenced by counsel's written request that the Appeals Council review the ALJ's decision[2] (TR 7-9).  There is, in short, nothing in this record to support a claim that the absence of counsel prevented Plaintiff, or the ALJ, from fully developing the claims and relevant evidence. Plaintiff was fully informed of his right to counsel, and he knowingly waived that right.

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff remained capable of performing a significant number of simple, low stress, sedentary jobs that did not involve much interaction with the public, co-workers or supervisors. The medical evidence, as a whole, failed to provide objective support for Plaintiff's allegations of a   disabling mental disorder.

---

[2]Plaintiff claims that the Appeals Council erred by failing to honor his request to file a brief in support of his appeal. A review of the record indicated that Plaintiff's representative filed a timely a request with the Appeals Council to review the ALJ's decision (TR 7).  The attorney did not seek additional time to file a brief or other written statement (TR 9).

Contrary to Plaintiff's assertion that his schizophrenia was severe enough to meet section 12.03 of the Listing of Impairments, the medical evidence of record failed to establish that the claimant has ever been diagnosed with schizophrenia (TR 130-132, 134, 140, 154, 164, 166, 202). While the claimant asserts that he was diagnosed with schizophrenia in July 2005[3] (TR 204), the ALJ correctly noted that Dr. Venkataraman diagnosed Plaintiff with "chronic undifferentiated _____". The last portion of the Axis I diagnosis was illegible (TR 20). Based on the evidence of record, the ALJ reasonably determined that the claimant did not prove a diagnosis of schizophrenia. Therefore, the ALJ was not required to assess Plaintiff's mental condition within the framework of § 12.03 for schizophrenia.

Plaintiff was diagnosed with delirium during his one week hospitalization in September 2003 (TR 130, 134, 140, 143, 148-149, 154-157). Following his release from the hospital, his mood reportedly improved with medications (TR 164). A mental status evaluation on October 11, 2003, indicated that Plaintiff was well oriented and his thought content was logical and coherent. Plaintiff denied experiencing any hallucinations or delusions, his memory was intact and his attention span was said to be normal (TR 166).

The claimant did not require additional mental health treatment until July 2005, almost two years later (TR 200). An intake evaluation on July 4, 2005, however, revealed that Plaintiff was well oriented and that his long term memory was good. The claimant's insight, judgment and motivation were fair, and his impulse control was good (TR 200). A follow-up evaluation a week later noted that Plaintiff did not exhibit obsessive or compulsive acts or thoughts (TR 197).

---

[3]See p. 15 of Plaintiff's Brief in Support of his Motion for Summary Judgment.

The claimant's mood disorder was no doubt exacerbated by the pain caused by his various physical ailments.  Each condition has apparently improved with the help of medications to the point of no longer being disabling.  No physician imposed a specific work preclusive limitation on claimant's functioning. The medical evidence also failed to show that the claimant has suffered any episodes of decompensation. Plaintiff's ability to speak in a logical, coherent manner while remaining well organized suggests that he does not suffer disabling anxiety, depression or anger. Furthermore, the types of unskilled jobs identified by the Vocational Expert (assembly, sorting and packaging) would not cause a great deal of stress.  These entry level jobs did not involve much dealing with the public, co-workers or supervisors (TR 232-233). The Law Judge properly found that the degree of limitation caused by claimant's mood disorder was only moderate and not severe. As a result, Plaintiff did not meet the requirements of the Listing of Impairments.

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence.  Such observation is invaluable and should not be discarded lightly.  Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978).  See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various

**7**

impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions[4]. In response to hypothetical questions that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous unskilled bench assembly, sorting, inspection and packaging jobs that he could still perform with minimal vocational adjustment. These simple, routine jobs were performed in low stress work environments and did not involve work with hazardous machinery or at unprotected heights.  They did not require much interpersonal contact with co-workers, supervisors or the public (TR 233-234). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir.

---

[4]The Administrative Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described Plaintiff's moderate limitations caused by his joint pain and emotional difficulties.
The ALJ reasonably determined that claimant's mental impairment limited him to low stress, simple, routine jobs requiring limited contact with the public, co-workers and supervisors (TR 233). The Sixth Circuit has held that hypothetical questions to experts are not required to included lists of claimant's medical conditions.  Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

**8**

1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limits are extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                        s/Donald A. Scheer
                                                        DONALD A. SCHEER
                                                        UNITED STATES MAGISTRATE JUDGE

DATED: November 29, 2006

_____

### CERTIFICATE OF SERVICE

I hereby certify on November 29, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on November 29, 2006. **None.**

                                                        s/Michael E. Lang
                                                        Deputy Clerk to
                                                        Magistrate Judge Donald A. Scheer
                                                       (313) 234-5217